DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RAYMOND E. SOMMERVILLE,**

      **Plaintiff,**

                    CIVIL ACTION

v.

                    No. 10-4119-KHV-DJW

**REPUBLIC COUNTY HOSPITAL, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's renewed Motion to Appoint Counsel (ECF No. 15). For the reasons set forth below, the motion is denied.

Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[1] The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e).[2] The appointment of counsel under § 1915(e) is a matter within the sound discretion of the district court.[3] In determining whether to appoint counsel, the district court may consider a variety of factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[2] *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."). The Court has granted Plaintiff leave to proceed *in forma pauperis*. *See* Jan. 7, 2009 Order (ECF No. 5).

[3] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991).

litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

This Court will also consider whether the plaintiff has made a diligent attempt to secure counsel through his/her own efforts.[5] The appointment of counsel under 28 U.S.C. § 1915(e) is appropriate only where the plaintiff is unable to retain counsel through his or her own efforts. Accordingly, this Court requires that a plaintiff seeking appointment of counsel first contact several attorneys (usually five) to determine whether they would agree to represent the plaintiff. Indeed, the Plaintiff's first Motion for Appointment of Counsel (ECF No. 4), which Plaintiff filed when he initiated this action and which was based on a form provided by the Court, contained the following provision:

> I understand that <u>before</u> the court will consider appointing a lawyer for me I must contact the Lawyer Referral Service, 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111, to get names of lawyers in the Kansas City area (both Missouri and Kansas attorneys) who handle cases like this case.[6]

The form then asked Plaintiff to certify that he had made a good faith effort to find a lawyer and asked Plaintiff to list the lawyers whom he had contacted.

---

[4]*Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

[5]*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). *See also Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. (applying rule in employment discrimination case).

[6]Mot. to Appoint Counsel (ECF No. 4) at 1 (emphasis in original)

2

Plaintiff left blank that portion of his first motion which asked him to list the attorneys he had contacted, except to state: "Had a lawyer but still owe him $2,000."[7] The Court denied Plaintiff's first motion, finding that this statement was not sufficient to show that Plaintiff had made a good faith and diligent effort to find an attorney to represent him in this particular matter.[8] In its Order, the Court suggested that Plaintiff contact the Lawyer Referral Service in Wichita, Kansas to obtain names of attorneys who handle cases such as this one. The Court's Order then stated: "After Plaintiff has contacted at least five attorneys and is still unable to obtain legal representation, he may file a renewed motion seeking the appointment of counsel that identifies the particular attorneys whom he has contacted."[9]

Plaintiff states in the instant renewed motion that he sent a letter to Kansas Legal Services in Topeka, Kansas, but that he never heard back from that office. He does not indicate that the contacted the Kansas Lawyer Referral Service[10] as recommended in the Court's October 1, 2010 Order. Nor does he indicate that he personally contacted *any* attorney, let alone the required *five* attorneys. The Court therefore cannot find that Plaintiff had made the required diligent attempt to secure counsel through his own efforts. This alone is grounds for denying Plaintiff's renewed motion.

---

[7]*Id.*

[8]*See* October 1, 2010 Mem. and Order (ECF No. 6) at 3.

[9]*Id.*

[10]The Kansas Lawyer Referral Service identified in the Court's October 1, 2010 Mem. and Order is sponsored by the Kansas Bar Association.

The Court also holds that Plaintiff's renewed motion should be denied because Plaintiff's claims do not, on their face, appear to have sufficient merit to warrant the appointment of counsel. The Court has a limited pool of volunteer attorneys and is unable to grant requests for counsel in every case.

For these reasons, the Court must deny Plaintiff's renewed Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 15) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 14th day of December 2010.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties