# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYMOND E. SOMMERVILLE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> REPUBLIC COUNTY HOSPITAL and ) <br> CREDIT SERVICES MANAGEMENT, INC., ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION <br><br> No. 10-4119-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Defendant Republic County Hospital's Motion To Dismiss Pursuant To F.R.C.P. 12(b) For (1) Lack of Subject-Matter Jurisdiction And Lack Of Personal Jurisdiction, And (2) Failure To State A Claim</u> (Doc. #7) filed October 25, 2010 and <u>Credit Management Services, Inc.'s Motion Pursuant To F.R.C.P. 12(b) To Dismiss Plaintiff's Complaint With Prejudice For (I) Lack Of Jurisdiction Over The Subject Matter (II) Lack Of Jurisdiction Over The Person, Insufficiency Of Process, And Insufficiency Of Service Of Process, And (III) Failure To State A Claim Upon Which Relief Can Be Granted</u> (Doc. #12) filed November 3, 2010. For reasons stated below, the Court dismisses plaintiff's complaint for lack of subject matter jurisdiction.

## Factual Background

In a very brief complaint, plaintiff alleges that defendants "have sland[er]ed my name with no proof that I agreed to pay such bill and having law enforcement to my home serving me with document I do not owe. Furthermore reporting me to credit reporting agency hurting my personal credit." <u>Complaint</u> (Doc. #1) at 3-4. He seeks damages of at least $150,000.

The complaint alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Kansas. Defendant Credit Services Management Inc. is a Nebraska

corporation with its principal place of business in a state other than Kansas. Although the complaint alleges that defendant Republic County Hospital is a Nebraska corporation, it has presented uncontroverted affidavit evidence that it is a Kansas corporation with its principal place of business in Kansas.

Plaintiff's complaint asserts "other grounds" for jurisdiction as follows: "[I] [h]ave a right to separate credit in response to [sic] I never consented to pay any bills other than my own or my signature is recorded as such." Doc. #1 at 3.

## **Legal Standards**

The standards which apply to a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) are well settled. Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999) (quoting Penteco Corp. v. Union Gas Sys., 929 F.2d 1519, 1521 (10th Cir. 1991)). The Court may only exercise jurisdiction when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994). The Court must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee Cnty Bd. of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995); see Fed. R. Civ. P. 12(h)(3). Plaintiff carries the burden of showing that jurisdiction is proper, see id., and he must demonstrate that the case should not be dismissed. See Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Mere conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to

a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not assume the role of advocate for a pro se litigant. See id.

## **Analysis**

Defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claims. Plaintiff asserts diversity of citizenship as the basis for subject matter jurisdiction. See 28 U.S.C. § 1332. Defendant counters that complete diversity is lacking and that plaintiff alleges no viable basis for federal question jurisdiction.

Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). Under Section 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Here, complete diversity is lacking because plaintiff and defendant Republic County Hospital are citizens of the State of Kansas.

Defendants also argue that plaintiff does not assert a federal question because he does not allege any statutory claim or factual basis for a claim which arises under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331 (federal question jurisdiction requires that plaintiff plead civil action arising under Constitution, laws, or treaties of United States). As noted, plaintiff's complaint alleges "other grounds" for jurisdiction as follows: "[I] [h]ave a right to separate credit in response to I never consented to pay any bills other than my own or my signature is recorded as such." His only other statement concerning his claims is that defendants "have sland[er]ed my name with no proof that I agreed to pay such bill and having law enforcement to my home serving me with document I do not owe. Furthermore reporting me to credit reporting agency hurting my personal

credit." These allegations do not set out any discernable basis for federal question jurisdiction. See Castaneda v. I.N.S., 23 F.3d 1576, 1580 (10th Cir. 1994) (court may only exercise jurisdiction when specifically authorized to do so). The complaint fails to plead facts sufficient to establish subject matter jurisdiction and the Court therefore sustains defendants' motions to dismiss. Because the Court lacks subject matter jurisdiction, it does not reach the merits of defendants' other defenses.

**IT IS THEREFORE ORDERED** that Defendant Republic County Hospital's Motion To Dismiss Pursuant To F.R.C.P. 12(b) For (1) Lack of Subject-Matter Jurisdiction And Lack Of Personal Jurisdiction, And (2) Failure To State A Claim (Doc. #7) filed October 25, 2010 and Credit Management Services, Inc.'s Motion Pursuant To F.R.C.P. 12(b) To Dismiss Plaintiff's Complaint With Prejudice For (I) Lack Of Jurisdiction Over The Subject Matter (II) Lack Of Jurisdiction Over The Person, Insufficiency Of Process, And Insufficiency Of Service Of Process, And (III) Failure To State A Claim Upon Which Relief Can Be Granted (Doc. #12) filed November 3, 2010 be and hereby are **SUSTAINED in part**.

**IT IS FURTHER ORDERED** that plaintiff's complaint against both defendants is **DISMISSED WITHOUT PREJUDICE** for lack of matter jurisdiction.

Dated this 31st day of January, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge